BYARS, Defendant in Error, *vs.* DOORES' ADMINISTRATOR,
Plaintiff in Error.

1. A note was signed " A. B., attorney for C. D." *Held*, A. B. was personally liable *in an action upon the note* upon proof of his want of authority.

*Error to Jackson Circuit Court.*

This was a demand exhibited for allowance in the county court against the estate of Walker Doores, founded upon the following note :

" One day after date, I promise to pay Edmund Byars four hundred and six dollars for Elias Fisher, French Doores and H. H. Southworth, being money advanced by said Byars in a suit for the above named.          " WALKER DOORES, Attorney for Elias Fisher, French Doores, and Hunter H. Southworth."

At the trial in the Circuit Court, this note was read in evidence, although objected to. The plaintiff then offered evidence tending to show that Walker Doores had no authority from Fisher, French Doores, or Southworth, to execute said note as attorney or agent. An exception was taken to the admission of this testimony. There was a judgment for the plaintiff.

*Napton,* for plaintiff in error. 1. The note sued on is not the note of Walker Doores. It is and purports to be the note of Elias Fisher, French Doores and H. H. Southworth. (Combe's case, 9 Co. 77 *a.* *Wilkes* v. *Bush*, 2 East, 141. *Spikle* v. *Lavender*, 2 B. & B. 452. *Long* v. *Colburn*, 11 Mass. Rep. 97. 12 Mass. 237. *Ballou* v. *Talbot*, 16 Mass. 460.) 2. If the note was signed by Walker Doores, without authority, his administrator is responsible for damages in an action on the case, but not in an action on the note. (11 Mass. 97. 16 Mass. 460.)

*W. Adams* and *E. R. Hayden*, for defendant in error. 1. The defendant's intestate was the *maker* of the note sued upon.

Byars *v.* Doores' Adm'r.

It was a contract by him on his own account to pay the sum specified for Fisher, French Doores and Southworth. (2 Kent's Comm. 631. *White* v. *Skinner*, 13 Johns. Rep. 307.) 2. Even if the note had been given by the intestate as an attorney, yet, having no authority to act as such, he would be personally liable. (12 N. H. Rep. 191. 9 N. H. 58 and 59, 3 Johns. Cases, 70, 71. 1 Am. Lead. Cases, 458.)

Scott, Judge, delivered the opinion of the court.

1. It must be confessed that the question involved in this case has received different determinations by the courts in the United States. But the weight of authority is decidedly in favor of the view of the question entertained by the court below. On written contracts made by an agent without authority, if his name does not appear in the contract, and he contracts for his principal only, an action against him on such contract will not lie ; but an action on the case for his wrongful act, in assuming to contract for another without authority, is the only remedy. But if an agent, acting without authority in attempting to bind another, although his name appears as agent for the principal, yet, if he does not employ language which will exclusively bind the principal, or if, rejecting the words which he had no authority to use, enough will remain to create a promise on his part, he will be personally liable on the contract.

This seems to be the rule deduced from the American cases, and they clearly overthrow the case of *Ballou* v. *Talbot*, (16 Mass. Rep. 461. American Leading Cases, 457.) In the case under consideration, if we reject the false description—the agent appended to his name, there is a contract on his part to pay the money sued for.

Judge Ryland concurring, the judgment will be affirmed.