ATTORNEYS: argument.

---

HENRY PAUK & SONS MANUFACTURING COMPANY, Appellant, v. AMERICAN CAR COMPANY *et al.*, Respondents.

St. Louis Court of Appeals, November 23, 1897.

1. **Account:** FALSE REPRESENTATION AS TO AUTHORITY TO ACT FOR ANOTHER: NONSUIT: REMEDY. In a suit on account for a machine sold and delivered, against one party defendant, who knowingly and falsely represented that he had authority to act for his codefendant in the purchase of the machine, the court properly granted an instruction of nonsuit as to such party. The appropriate remedy against such defendant was by action on the case for deceit, and not for goods sold and delivered.

2. **Instruction:** EVIDENCE. In such action an instruction for defendant, that, to constitute a valid sale, there must have been an intention on the part of defendant to buy, as well as an intention on the part of plaintiff to sell, the machine in question; and unless the jury believed from the evidence that defendant authorized some person to buy said machine, and that such person did purchase the same on its behalf, or that, when said machine was delivered, defendant received or retained it with the intention of purchasing it, they must find for defendant, was more favorable to plaintiff than the evidence warranted.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED; Judge BLAND concurring, Judge BOND dissenting.

*Lee W. Grant* for appellant.

If Kobusch, in buying the machine in controversy, had no authority to bind the American Car Company, whom he afterward sought to charge with the purchase price, by instructing plaintiff to make out the bill against them, then Kobusch is himself liable. *Byars v. Doore's Adm'r*, 20 Mo. 284; *Coffman v. Harrison*, 24 *Id.* 524; *Lipsley v. McKinstry*, 38 *Id.* 245, and citations; *Wright v. Baldwin*, 51 Mo. 269; *Ritchie v. Bass*, 15 La. Ann. 668; *Weare v. Gove*, 44 N. H. 196; *Keener v. Harrod*, 2 Md. 63.

Where property is left on trial, a failure to return the goods, or notify the owner that the property is not wanted, within the time agreed upon for trial, or if no time is fixed, then within a reasonable time, makes the transaction an absolute sale. Benj. on Sales [6 Ed.], sec. 595, and Am. Notes, p. 568. See, also, *Esterly v. Campbell*, 44 Mo. App. 621; *Curtis v. Dreggs*, 25 *Id.* 175.

The unqualified statement in the instructions for defendant, that to constitute a valid sale there must be an intent on the part of the buyer to buy, is not true as a proposition of law, unless qualified, when applied to the facts of this case, as the law may imply an intent from one's acts irrespective of his actual intent. Benj. on Sales [6 Ed.], sec. 38c. Moreover, instructions should not submit legal questions to the jury. *State v. Mitchell*, 98 Mo. 657.

That a correct instruction on the same point may have been given for plaintiff does not correct the

error.   *State to use v. Nauert*, 2 Mo. App. 295 at 298; *Billups v. Daggs*, 38 *Id*. 367.

*Lubke & Muench* for respondents St. Louis Car Company and Geo. J. Kobusch.

The witnesses all agree that Kobusch named the American Car Company as the party for whom he was ordering the Sander. An agent can not be held personally if he discloses his principal. *Heath v. Goslin*, 80 Mo. 310; *Hamlin v. Abell*, 120 *Id*. 188; *Potter v. Bassett*, 35 Mo. App. 417. See, also, *Gestring v. Fisher*, 46 Mo. App. 603.

Appellant waived all claim against Kobusch by invoicing the machine to the American Car Company, and finally by its letter of June 16, 1896, treating the American Car Company as the only party liable. *Brown v. Wayler*, 25 Mo. App. 54; *Teasdale v. McPike*, *Id*. 341.

*John F. Shepley* for respondent American Car Company.

There was no evidence offered tending to prove the cause of action set forth in the petition. *Eyerman v. Cemetery Co.*, 61 Mo. 489; *Smith v. Haley*, 41 Mo. App. 611; *Lewis v. Slack*, 27 *Id*. 119; *Warson v. McElroy*, 33 *Id*. 553.

The instructions complained of were not erroneous. But even if they were, the error was clearly non-prejudicial, since the judgment was for the right party. *Commiskey v. McPike*, 20 Mo. App. 82–84; *Newman v. Lawless*, 6 Mo. 279, 302; *Fitzgerald v. Barker*, 96 *Id*. 661, 666.

BIGGS, J.—The plaintiff sued the American Car Company, the St. Louis Car Company, and George

Kobusch, on an account.  It is charged in the petition that the plaintiff sold and delivered to the defendants a machine called a "patent molding Sander," of the agreed and reasonable value of $650.  The answers of the defendants were general denials.  At the close of the plaintiff's evidence the court instructed that under the pleadings and evidence the St. Louis Car Company and Kobusch were not liable in the action.  The liability of the American Car Company was submitted to the jury, and the issues were found in its favor. The plaintiff having unsuccessfully moved for a new trial, it has brought the case here by appeal.  It complains of the instruction discharging Kobusch and also of the instructions given at the instance of the American Car Company.  The instruction of nonsuit as to Kobusch was correct.  The plaintiff's evidence tends to prove that Kobusch ordered the machine and at the time he stated that he was acting for the American Car Company; that the contract was oral, and that the machine was charged to the American Car Company and not to Kobusch.  The law is well settled that where a person acts professedly for another, but without authority, he renders himself individually liable.  There was formerly some difference of opinion as to the form of action in which he could be held, but it is well settled now that the action may be either on the case for deceit or in *assumpsit* upon the express or implied warranty of authority.  If he knowingly and falsely represents that he had authority to act, the former remedy is the appropriate one.  If he makes the representation in good faith, then the latter remedy should be pursued.  Mechem on Agency, sec. 549; *Wright v. Baldwin*, 51 Mo. 269; *Mantz v. Maguire*, 52 Mo. App. *loc. cit.* 151; *Dung v. Parker*, 52 N. Y. 494; *Baltzen v. Nicolay*, 53 N. Y. 467.  Hence it is clear

ACCOUNT: false representation as to authority to act for another: nonsuit: remedy.

that Kobusch could not be held in the present action, which is one for goods sold and delivered.

It is conceded that Kobusch was not a regular employee or an officer of the American Car Company, and that to plaintiff's knowledge he first assumed to act for the company in the alleged purchase of the machine in question. Hence the plaintiff in dealing with him was bound to ascertain the extent of his authority (Thayer's Synopsis of the Law of Contracts, sec. 214). Now there is no substantial evidence in the case that Kobusch had any authority to buy the machine outright. The most favorable inference in plaintiff's favor is, that the manager of the American Car Company authorized Kobusch to order the machine on trial, with a view of purchasing it. It may be said that there is substantial evidence of this theory when the conduct of the American Car Company in retaining and using the machine is considered. However, the positive evidence of Kobusch and the manager of the Car Company is against it. Their evidence is to the effect that Kobusch was authorized by the manager of the American Car Company to have the machine sent to the works of the company and that it would be set up and tried merely as a new invention, and with no intention of buying it. The subsequent conduct of the American Car Company in reference to the machine is not irreconcilable with this theory. Therefore the circuit court declared the law more favorable to the plaintiff than it was entitled under the evidence, when it told the jury to find for plaintiff if the American Car Company, either directly or through another, ordered the machine. The other instruction given for the plaintiff was authorized by the evidence. It was to the effect that if the American Car Company took the machine on trial with the view of purchasing it, and it kept it for a longer time than was reasonably necessary to

make a fair test, then the company was responsible for the reasonable value of the machine. The instruc-

INSTRUCTIONS: evidence. tions given on behalf of the company, and of which the plaintiff complains, are as follows:

"1. The court instructs you that plaintiff sues the defendant, the American Car Company, for the value of a sanding machine, which it alleges was sold by it to the said car company; that in order to constitute a valid sale of said machine there must have been an intention on the part of the said American Car Company to buy, as well as an intention on the part of the said plaintiff to sell it, and unless you believe from the evidence that the said American Car Company authorized some person to buy said machine for it of the plaintiff, and that said person actually purchased the same on its behalf from said plaintiff, or believe from the evidence that when said machine was delivered by said plaintiff, the said American Car Company received it or retained it with the intention of purchasing it, then your verdict will be for the defendant, the American Car Company.

"2. The court instructs you, that if you believe from the evidence that when the defendant, the American Car Company received and operated the sanding machine in question it did so in the belief that said machine had been sent to it for trial, and that when it was notified that the plaintiff believed or claimed that the said machine had been sold to it, one of its officers thereafter within a reasonable time notified said plaintiff, or one of its officers, that it, the said American Car Company, had not bought said machine, and to take the same away, then your verdict will be in favor of the defendant, the American Car Company, unless you should further believe from the evidence that the said American Car Company requested plaintiff to

deliver the said machine to it with the intention of purchasing the same, or that it authorized some other person for it to make such request, and that such person, after having such authority, did make such request."

What we have said makes it obvious that the foregoing instructions were likewise more favorable to the plaintiff than the evidence warranted. Therefore the plaintiff's assignment as to them will be overruled.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered. Judge BOND dissents.