Griswold v. Haas.

P. A. GRISWOLD, Commissioner, Respondent, v. MAX HAAS, Appellant.

St. Louis Court of Appeals. Argued and Submitted. November 2, 1909. Opinion Filed November 16, 1909.

1. PRINCIPAL AND AGENT: Evidence: Agency May be Established by Evidence of Agent: Declarations of Agent Inadmissible. While agency cannot be proved by the declarations of the agent to third parties, because it is hearsay, he is a competent witness to prove that fact, unless disqualified for some other reason.

2. APPELLATE PRACTICE: Trial by Court: Remarks Made in Excluding Testimony. While, in a trial before a jury, the subsequent admission of evidence theretofore ruled out would have done away with the exception taken, in a trial before the court without a jury it will be assumed, on appeal, that the court determined the case on the theory announced in ruling out the testimony.

3. PLEADING: Variance. Though the code has abolished the distinction between the forms of action, and though one can waive the tort and sue in assumpsit, a plaintiff cannot sue upon one cause of action and recover upon another.

4. **PRINCIPAL AND AGENT**: Purchases by Agent in Name of Principal: Liability of Agent. Where, at a judicial sale, the auctioneer knocked off the property to defendant, as the highest and best bidder, and defendant, in response to the auctioneer's query, stated he was acting for another, and the sale was reported to the court as having been made to such other person and was approved by the court, an action will not lie against defendant to recover the purchase price of the property alleged to have been sold.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster,* Judge.

REVERSED.

*Henry H. Furth* for appellant.

(1) Recognition and ratification by a party of an act previously performed by one who assumes to act as his agent are tantamount to its antecedent authorization. Flesh v. Lindsay, 115 Mo. 1; Sharp v. Knox, 48 Mo. App. 169; Cummings v. Head, 49 Mo. App. 139; Turner Chillicothe v. Railroad, 51 Mo. 501; Bank v. Gay, 63 Mo. 33; Ruggles v. Washington Co., 3 Mo. 496; Ferris v. Shaw, 72 Mo. 446; Suddath v. Empire Lime Co., 79 Mo. App. 585; Alexander v. Wade, 106 Mo. App. 141; Hackett v. Van Frank, 105 Mo. App. 384; Smith v. Bank, 120 Mo. App. 527. (2) Agency may be proved by the testimony of the agent. Steam Pump Co. v. Green, 31 Mo. App. 269; Cape Girardeau v. Trocher, 61 Mo. App. 509; Murphy v. M. & T. M. F. I. Co., 83 Mo. App. 481; Christian v. Smith, 85 Mo. App. 117; State ex rel. v. Henderson, 86 Mo. App. 482. (3) One who, without authority assumes to purchase property as the agent of another is not liable in an action on the contract for the purchase price of the goods. Mechem on Agency, sec. 549, p. 384 *et seq.*; sec. 550, p. 386; Noyes v. Loring, 55 Mo. 408; Long v. Colburn, 11 Mass. 97; Ballon v. Talbot, 16 Mass. 461; Jefts v. York, 4 Cush. 371, 10 Cush, 392; Abbey v. Chase, 6 Cush. 54; Snout v. Ibery, 10 M. & W. 1; Jenkins v. Hutchinson,

13 Ad. & El. N. S. 744; Pauk & Sons v. Am. Car. Co., 72 Mo. App. 344; Byars v. Doores, 20 Mo. 284; Coffman v. Harrison, 24 Mo. 524; Wright v. Baldwin, 51 Mo. 269; Hotel Co. v. Furn. Co., 73 Mo. App. 135; Hall v. Crandall, 29 Cal. 567; 89 Am. Dec. 64.

*John B. Denvir, Jr.,* for respondent.

STATEMENT.—The plaintiff, respondent here, under appointment as commissioner by the court, advertised and auctioned six bonds of an electric railway, light and power company, the bonds having come into possession of the circuit court of the city of St. Louis through plaintiff as its commissioner, and the court having ordered a sale thereof, the sale was advertised to take place, the conditions being a cash payment of $15 at the time of the sale, balance to be paid when sale was approved by the court. The petition or statement in the case, the case having been originally instituted before a justice of the peace, after stating these facts, set out that at the sale the defendant being the highest and best bidder for the bonds, they were struck off and sold to him for $276; that defendant then paid to plaintiff $15, the cash payment required; that the sale was afterward approved by the court; that afterwards plaintiff made a tender of the bonds to the defendant, demanding the balance, $261, but defendant refused to pay that or receive the bonds. The statement further avers that plaintiff is now and has ever been ready to deliver the bonds to the defendant upon payment of the purchase price. That afterwards the circuit court ordered plaintiff to institute legal proceedings to recover the balance of the purchase price. Judgment is prayed for the $261 and interest. Judgment going against defendant in the justice's court, he appealed to the circuit court. On a trial before the court, a jury having been waived, these facts were developed: Plaintiff, preliminary to the trial, stated that he had the bonds in court and tendered

them to defendant in open court. Tender does not appear to have been accepted. Being sworn as a witness in his own behalf, plaintiff offered in evidence the files of the case in the course of which the bonds had come into his possession by order of the court as commissioner. The abstract states that the files themselves were offered in evidence and the bill of exceptions calls for their insertion, but they are not in the abstract. Sufficient, however, appears in the abstract to show beyond controversy what these files contain, so far as is necessary to understand the facts in this case. Plaintiff testified with these files before him, that he had offered these bonds for sale on the date set out in the petition in this case and that at the sale the defendant Haas was the highest and best bidder for them at the price set out in the petition here filed. Plaintiff further testified that the sale was made and he had so announced it at the time, subject to the approval of the court. After bidding off the bonds defendant deposited $15 with him and he reported the sale to the court and it was approved. Thereupon he notified defendant, who declined to complete the purchase and pay the balance, tendered the bonds to defendant and demanded the money. He refused to receive the bonds or to pay the money and it had never been paid. The balance due and unpaid is $261. On cross-examination plaintiff stated that while he could not say who all were present at that sale, he remembered defendant being present and also Mr. Denvir. He first read the advertisement and then called for bids and there were two bidders, Mr. Denvir and defendant, and the defendant's bid was the last and highest; that he struck the bonds off to Mr. Haas and asked him (Haas) who was the purchaser. Haas said "G. F. McLain;" that thereupon he made his report to the court and that report set out that the sale was to G. F. McLain for the price named. Plaintiff further testified that after the approval of the sale he went to Mr. McLain, who repudiated any interest in the matter, said

he knew nothing about it, never authorized Haas to use his name, never put up the $15 that was bid; that Mr. Haas was not his agent in the matter; that thereupon he (plaintiff) went to Haas and made a demand upon him and he refused to take the bonds. He repeated that when the bonds were knocked down and Haas was asked for the name of the purchaser, he gave the name of G. F. McLain as the purchaser; Haas said he bought them for G. F. McLain. He did not say that he was buying them for himself. All that occurred was that witness asked him who was the purchaser and he said "G. F. McLain." On re-direct examination plaintiff was asked when defendant bid on the bonds, whether he bid as purchaser himself or as representing someone else, and witness answered, "well, there was nothing said about representing anyone until I asked for the name of the purchaser." That was after the bidding was closed and after he had accepted the bid made by defendant. Plaintiff then put Mr. McLain on the stand as a witness, but on the suggestion of the court that Mr. McLain should be called in rebuttal and not in chief, which the court suggested after Mr. McLain had testified, plaintiff withdrew him. Plaintiff thereupon resting, defendant was examined as a witness in his own behalf. He testified that he appeared at the sale of these bonds and that to the best of his recollection he bid on the bonds and they were knocked down to him; that plaintiff, apparently acting as auctioneer, then asked him for whom the bonds were bought and defendant said that he had bought them for G. F. McLain. Defendant's counsel then asked witness for whom he had appeared at that sale. He answered that he appeared for G. F. McLain. Upon counsel for plaintiff objecting, on the ground that agency could not be proved by the testimony of the agent himself, the court sustained the objection, saying: "Can't prove agency by the agent himself." Exception was duly saved to this ruling of the court. Witness was asked by the court how much he had paid down at

the time of the sale and he said that he had heard the
testimony about his having paid $15, but the matter had
gone out of his mind and that without referring to books
and papers in his office, he could not testify from per-
sonal recollection, but he had no doubt that the amount
previously testified, namely, fifteen dollars, had been
paid by him. He further stated that as a matter of fact
he did not know the amount of the purchase price until
he heard the petition in this case read in court; had en-
tirely forgotten the details of the transaction as to how
the payment was made or the amount of the bid. He
was certain, however, that he gave the name of Mr.
McLain as the purchaser, and that he paid the $15 or
whatever the amount was by check. Whether it was
his own check or not he could not say, but it was not
McLain's check. Said that he could answer these mat-
ters if he was allowed to refer to his books. He was
then asked if he had any conversation with Mr. McLain
before going to the sale and he said he had; that his
recollection of the matter was that he "stepped into
McLain's office the morning of the sale and told Mc-
Lain he would buy the bonds for him and he asked if it
was all right and I told him it was." On cross-exam-
ination he stated that McLain had not furnished him
the $15; that Mr. McLain did not have the money at that
time. This is all the testimony on the part of the de-
fendant. Whereupon Mr. McLain was put on the wit-
ness stand by plaintiff in rebuttal, and he was asked if
he had heard the testimony of Mr. Haas. He said he
had and on being asked to state whether or not the con-
versation which defendant had narrated occurred prior
to the sale of the bonds, he answered, "Well, something
similar to that occurred, but after the sale of the bonds.
I didn't know there was any such sale to take place at
all. He had been down here and purchased the bonds in
my name and came back and told me and asked me if it
is all right. I told him I thought it was if it is all
right. He said it is all right. I told him

he would have to protect me in case anything came up." After the sale was made, witness testified, Haas came back and told him that he had used his (McLain's) name. Had not had any conversation previous to the sale of the bonds with Haas; in fact does not now know what the bonds are. Haas had not said anything to him as to whether or not he (McLain) should pay for the bonds; he (Haas) bought them for himself.

This was all the testimony in the case. The court found for plaintiff, and defendant, after an unsuccessful motion for new trial, perfected an appeal to this court.

REYNOLDS, P. J. (after stating the facts).— The ruling of the court that the fact of agency could not be proved by the testimony of the agent when on the witness stand, when asked concerning his agency, is such patent error as to in itself call for the reversal of the judgment. It is true, that agency cannot be proved by the declarations of the agent to third parties and then putting those third parties on the stand and having them testify as to what the agent told them. Such testimony is excluded, not only as not the best evidence, but as hearsay. That is very far from holding, however, that when the witness is on the stand himself, he cannot testify as to the fact of his agency. He is entirely competent, unless disqualified for some other reason, to testify as to that fact. It is true, that defendant afterwards testified as to what took place between himself and McLain, and this testimony appears to have been admitted without any objection by counsel or by the court, but as we have the declaration from the court that the agent could not prove his agency by his own testimony, we are bound to assume that the court gave the testimony of the defendant no consideration whatever in arriving at the determination of the question of agency. If this had been a trial before a jury, the subsequent admission of the evidence theretofore ruled out, would have done away with the exception made, but as this

was a trial before the court without a jury, we cannot do otherwise that assume that the court heard and determined the case on the theory that he had announced in ruling out the testimony.

But a far more serious question is presented on the record in this case. This is an action to recover the purchase price of goods alleged to have been sold to the defendant, and the statement or petition filed avers a sale to the defendant, a report of that sale to the court and an approval by the court. The testimony of plaintiff himself discloses a fatal departure from the allegations of the petition, inasmuch as it discloses a sale to M'cLain, a report to the court of the fact of a sale to McLain, and an approval and confirmation by the court of a sale to McLain. He is not sued as agent, nor for deceit in pretending to be agent when in fact he was principal.

In Hall v. Crandall, 29 Cal. 567, the Supreme Court of that state has said: "If an agent in executing a contract, employ terms which, in legal effect, charge himself, he may be sued upon the instrument itself as a contracting party. This is so because by the use of such terms he has made the contract his own. But if the instrument does not contain such terms, or in other words contains language which in legal effect binds the principal only, the agent cannot be sued on the instrument itself for the obvious reason that the contract is not his. If then the contract is not binding upon the principal because the agent had no authority to make it, and is not binding on the agent because it does not contain apt words to charge him personally, it is wholly void."

In Wright v. Baldwin, 51 Mo. 269, our Supreme Court held that the proper action in a case of this kind, where one falsely represents himself as an agent, is not on the contract itself but against the agent for damages. While it is true that our code has abolished the distinction between the forms of action, and equally true that one can waive the tort and sue in assumpsit, it was long

ago settled that a plaintiff cannot sue upon one cause of action and recover upon another. Our own court, in Pauk & Sons Mfg. Co. v. American Car Co., 72 Mo. App. 344, speaking through Judge BIGGS, has said: "The law is well settled that where a person acts professedly for another, but without authority, he renders himself individually liable. There was formerly some difference of opinion as to the form of action in which he could be held, but it is well settled now that the action may be either on the case for deceit or in assumpsit upon the express or implied warrant of authority. If he knowingly and falsely represents that he had authority to act, the former remedy is the appropriate one. If he makes the representation in good faith then the latter remedy should be pursued." After citing Mechem on Agency, sec. 549, and cases in the reports of this State and of New York, Judge BIGGS concludes that the defendant in the case could not be held in that action, which was one for goods sold and delivered. That is this case, and this covers it so completely that it is useless to discuss it further. The judgment of the circuit court is reversed. All concur.

