P. A. GRISWOLD, Commissioner, Respondent, v. MAX HAAS, Appellant.

St. Louis Court of Appeals. Argued and Submitted April 6, 1915. Opinion Filed May 4, 1915. Dissenting Opinion Filed June 8, 1915.

1. INTERPLEADER: Sale of Property in Dispute: Right to Appoint Commissioner. A person who had possession of certain bonds but disclaimed ownership tendered the bonds into the circuit court and filed a petition, setting up that the bonds were

191M.A.7

Griswold v. Haas.

claimed by different parties, and praying that such parties be required to interplead. The claimants interpleaded, each setting up that he was owner of the bonds. Pending a determination of their claims, the court appointed a commissioner to sell the bonds and pay the proceeds into court to await the determination of ownership. The bonds were sold at the commissioner's sale to defendant, purporting to act as agent for a third person. The third person repudiated the agency, and the commissioner brought suit against defendant for the amount of his bid, less an amount which defendant had paid. *Held*, that, in view of the fact that the case was within the jurisdiction of the court, the parties were before it, the fund was in its custody, and the point decided was within the issues before the court, the point made by defendant, on appeal, that the court did not have jurisdiction to make the order appointing the commissioner and for the sale of the bonds, was untenable.

2. **TRIAL PRACTICE: Weight of Evidence.** The determination of the weight of evidence is for the trial court, when acting as trier of the facts.

3. **PRINCIPAL AND AGENT: Liability of Agent for Unauthorized Acts: Damages.** Where one purported to act for a principal in bidding in bonds at a sale by a commissioner appointed by the circuit court, when, in fact, he was unauthorized, the measure of damages, in an action against him by the commissioner, was the amount of his bid, which was the amount for which the commissioner was liable; the value of the bonds being immaterial.

*Held*, by ALLEN, J., dissenting, that plaintiff was not entitled to recover the amount defendant bid, but was entitled to recover only such damages as he sustained by reason of the wrongful assumption of authority by defendant, which damages could have been ascertained by a resale.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

AFFIRMED. CERTIFIED TO SUPREME COURT.

*Henry H. Furth* for appellant.

(1) The plaintiff showed no title in himself to maintain the action. His appointment as special commissioner is utterly void and open to collateral attack. The certified copy of his appointment should have been excluded. Charles v. White, 214 Mo. 187; 112 S. W.

545; Hope v. Blair, 105 Mo. 93; Stark v. Kirchgraber, 186 Mo. 633; Reynolds v. Stockton, 140 U. S. 254; Mundy v. Vail, 34 N. J. L. 418; 1 Black on Judgments, p. 242; Freeman on Void Judicial Sales, pp. 7, 20, 21, notes 3 and 4; Thomas v. Gann, 156 S. W. 74. (2) The damages allowed are excessive. There is no evidence whatever in the record from which the amount of the damages can be ascertained. The measure of damages in this case is the loss which has accrued to the third person as a natural and probable consequence of the want of authority. 31 Cyc., page 1551.

*John B. Denvir, Jr.,* and *P. A. Griswold, pro se,* for respondent.

The circuit court did not exceed its jurisdiction in ordering a sale of the bonds and its action in so doing is not subject to collateral attack. Foltz v. Railroad, 60 Fed. 316, 318; Rosenheim v. Hartsock, 90 Mo. 357; State v. Weatherby, 45 Mo. 17; Evans v. Haefner, 29 Mo. 141; Charles v. White, 214 Mo. 187, 206.

REYNOLDS, P. J.—This is the second appearance of these parties before our court on a controversy growing out of the same transaction. When the first case was here we reversed the judgment and remanded the case on two grounds: First, error of the trial court in the rejection of certain testimony as to agency; second, that being an action to recover the purchase price of property alleged to have been sold, we held it did not lie, but that the proper action under the facts would be either for deceit or upon the express or implied warranty of authority to make the purchase. [See Griswold v. Haas, 145 Mo. App. 578, 122 S. W. 781.] Instead of amending, plaintiff saw fit to institute a new action before a justice of the peace asking damages on the theory of a breach of the implied warranty of agency on the part of defendant in the bidding

in of the bonds. From a judgment in favor of plaintiff in the justice's court, the case went on appeal to the circuit court, where being tried before the court, a jury having been waived, the court found for plaintiff and defendant appealed.

The main facts attending the transaction were developed on this last trial practically as they appeared in the former trial. We refer for them to Griswold v. Haas, supra. It may be said that on this last trial Mr. McLain, in possibly more emphatic terms than used at the former trial, denied the agency of Mr. Haas. At this second trial counsel for defendant also challenged the validity of the proceedings of the circuit court under which plaintiff Griswold had been appointed commissioner and authorized to sell the bonds. The record of that case, designated as cause No. 39,021 in the circuit court of the city of St. Louis, was in evidence at this last trial and it appears from that that the bonds here involved having been brought into court by a party in whose possession they were but who disclaimed ownership of them, that party setting up that they were claimed by different parties, asked that these parties be required to intervene. They did intervene, each of them contending for ownership of the bonds. Pending that the circuit court appointed Mr. Griswold, plaintiff here, commissioner, ordered him to sell the bonds, holding the sum in court pending the determination of the questions raised by the interpleaders.

At this last trial this proceeding was attacked on the ground that the court was without jurisdiction to appoint a commissioner or order a sale of the bonds. We will dispose of that by saying that we do not think that there is anything in the contention. That case was within the jurisdiction of the court; the parties were before it; the fund was in its custody; the point decided was within the issues before the court. These facts present, jurisdiction in the circuit court to make

the order is clear. [Charles v. White, 214 Mo. 187, 112 S. W. 545.]

The defendant asked and at his instance the court gave declarations of law to the effect that if the court believed and found from the evidence that McLain, the party in whose name Haas had bought in the bonds, before the sale expressly authorized defendant to purchase the bonds for him, the verdict should be for defendant; or if the court found that McLain, before the sale, had not expressly authorized defendant to purchase the bonds for him at the sale but that his conduct after the sale, on hearing that defendant had purchased the bonds for him, amounted to a ratification of the purchase, the verdict should be for defendant. Further, that if the court found from the evidence that McLain, after the purchase of the bonds for him by defendant, and with knowledge thereof, approved or recognized the purchase thereof, or acquiesced therein, such conduct on the part of McLain is evidence of ratification by him of the purchase made on his behalf by defendant.

The defendant also asked the court to declare as a matter of law that under the pleadings and evidence plaintiff could not recover more than nominal damages; that if the finding is for plaintiff the court should award him damages in the sum of $1. This was refused.

At the request of defendant the court also made findings of fact as follows: That in the case No. 39,021, under which the order for sale of the bonds had been made and which was pending in the circuit court of the city of St. Louis, "the bonds in question were by the court ordered to be sold upon prescribed public notice at the east front door of the courthouse, for cash to the highest bidder, by the plaintiff herein as commissioner, who was directed to report forthwith to the court his actions in the matter; that no appeal was taken from the judgment and order of this court in cause No. 39,021; that pursuant to said judgment

and order plaintiff herein as such commissioner did, on February 21, 1907, offer said bonds for sale and at said sale defendant was the highest and best bidder and thereupon said bonds were struck off to him for the price of $276, and at said time defendant paid to plaintiff the sum of $15 on account of said purchase; that on inquiry concerning the name of the purchaser defendant stated the purchaser was George F. McLain, and that subsequently the sale was duly approved by Division No. 5 of this court.

"That afterwards said plaintiff made a tender of said bonds to said McLain and demanded of him the balance of the purchase price, namely $261, and that said McLain repudiated the agency of defendant.

"The court further finds that defendant was not authorized to purchase said bonds for said McLain, and therefore was not the agent of said McLain in said purchase; and that after said sale said McLain did not recognize and approve defendant's purchase of said bonds as his agent.

"The court further finds that plaintiff has been damaged in the sum of $261."

Judgment followed accordingly. It is from this judgment that defendant has duly appealed to this court.

We see no occasion to disturb the finding of the court or error in its action in the giving and refusing of instructions. It gave instructions which defendant asked but found the facts against him. Its finding of facts is full, meets the issues, and is supported by substantial testimony, the weight of which was for the determination of the trial court as trier of fact.

The court properly refused the instruction as to nominal damages. The measure of the damage here was the difference between the amount of the bid and the amount defendant paid on the bid. That was the amount for which plaintiff, as commissioner, is responsible. The value of the stock or bonds sold was

immaterial. The amount of damage to which plaintiff was entitled, if he recovered, was a fixed and ascertained sum.

This case originated before a justice of the peace, as did the former action over this matter between these parties. In both cases the finding has been for plaintiff. Plaintiff was acting as an officer of the court. Defendant, by bidding in the property, put the plaintiff to the cost and trouble of this litigation, which cost should otherwise be charged to the trust fund. The judgment below was manifestly for the right party, and in view of section 2082, Revised Statutes 1909, which directs that no judgment shall be reversed unless the court believes that error against appellant and materially affecting the merits of the case appears, we do not believe such error appears. Moreover, section 2083, Revised Statutes 1909, authorizes us as an appellate court, to give such judgment as the trial court ought to have given, when it appears that the judgment is for the right party, as we think is the case here. [Joy v. Cale, 124 Mo. App. 569, 102 S. W. 30.]

The judgment of the circuit court is affirmed. *Nortoni, J.,* concurs. *Allen, J.,* dissents.


## DISSENTING OPINION.

ALLEN, J.—I am unable to concur in the majority opinion herein which I think is in conflict with our decision in this case on the former appeal. [Griswold v. Haas, 145 Mo. App. 578, 122 S. W. 781.] It was there held that if the defendant contracted for the purchase of the bonds in the name of his supposed principal, but without authority, he did not thereby bind himself as purchaser, and could not be sued upon the contract. Such ruling appears to accord with prior decisions of our courts, and to be in line with the weight of authority on the question involved.

I understand the rule to be that if an agent contracts for and in the name of a disclosed principal, expressly or by his acts asserting authority when in fact none exists, an action will not lie against him *on such contract,* but he is liable to respond in damages for his wrongful act in assuming to contract for another without authority. It was so held in Griswold v. Haas, supra, following the authorities there referred to; and see Byars v. Doores' Admr., 20 Mo. 284; Wright v. Baldwin, 51 Mo. l. c. 272; Hotel Co. v. Furniture Co., 73 Mo. App. l. c. 138; 1 Mechem on Agency (2 Ed.), sec. 1398, where many cases are collected in footnotes. The appropriate remedy is said to be an action on the case for fraud and deceit, though the tortious feature of the case may be waived and the suit proceed *in assumpsit* as for a breach of the express or implied warranty of authority. [See authorities, supra.]

While the majority opinion does not in terms controvert this, it sanctions a recovery by plaintiff of the unpaid portion of the purchase price upon delivery of the bonds to defendant. In effect it allows a recovery against the defendant on the contract. If an action could have been maintained against defendant as the vendee, for a breach of the contract of sale, doubtless one remedy available to plaintiff would have been to hold the bonds for defendant, tender them, and sue for the unpaid portion of the purchase price. I do not perceive how this course can be sanctioned upon the theory of a recovery of damages for the alleged wrongful act of defendant, the agent, in assuming to act without authority.

The statement filed before the justice of the peace was perhaps intended to state a cause of action for damages for a wrongful assumption of authority by defendant. But it does not appear that plaintiff has shown any damage suffered. The loss entailed, if any, could have been ascertained by a resale of the bonds. I perceive no reason why this could not have

been done, nor any reason for making an exception to the rule above stated because of the fact that the sale was by a commissioner. Certainly the record does not disclose any effort to ascertain the damages recoverable in an action of the character such as this court held to be the appropriate remedy, when the case was here on the former appeal. And I think the error is here one materially affecting the merits of the action, and affecting the substantial rights of the appellant, and that therefore sections 2082 and 1850, Revised Statutes 1909, cannot be invoked to sustain the judgment.

There are other questions here, but under the circumstances it is unnecessary for me to discuss them. I dissent from the conclusions reached by my associates, and as I deem the decision herein to be contrary to the decisions of the Supreme Court in Byars v. Doores' Admr., 20 Mo. 284; Wright v. Baldwin, 51 Mo. 1. c. 272; and to the decision of the Kansas City Court of Appeals in Newland Hotel Co. v. Furniture Co., 73 Mo. App. 135, I ask that the case be certified to the Supreme Court for final determination by that tribunal.