FRANK LEMEN, Respondent, v. KANSAS CITY SOUTHERN RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 21, 1910.

**RAILROADS: Fires: Evidence.** Plaintiff sued for damages for the destruction of his barn by fire started by a passing locomotive. Evidence, to show that pursuant to a custom to report fires to the nearest station agent, the conductor of the train did notify the agent at the next station that there was a fire up the road, and that the section gang should be sent up as far as the bridge, was rejected by the court. *Held*, that the trial court erred in refusing to admit this evidence. The conductor, in reporting the fire and in advising the station agent to send section men to fight it, was acting in the performance of a duty defendant owed plaintiff, and his report is evidence in the nature of an admission that the locomotive had started the fire.

Appeal from Jackson Circuit Court.—*Hon. Herman Brumback*, Judge.

Lemen v. Railroad.

AFFIRMED.

*Cyrus Crane, George J. Mersereau* and *Samuel W. Sawyer* for appellant.

(1)   The evidence was not admissible as a part of the *res gestae.* Wigmore, Evidence, secs. 1747, 1749, 1750; Ruschenberg v. Railroad, 161 Mo. 70; Koenig v. Railroad, 173 Mo. 698; Redmon v. Railroad, 185 Mo. 1; Frye v. Railroad, 200 Mo. 377.   (2)   The evidence was not admissible as an admission against interest.   The declaration was not that of an agent, made in the course of dealings with third parties, but was a report made to his own principal, and not intended for anyone else.   It was not, therefore, the admission of the principal, and if an admission at all, it was the conductor's own admission.   Wigmore, Evidence, sec. 1078; Mechem, Agency, sec. 714; Adams v. Railroad, 74 Mo. 553; Redmon v. Railroad, 185 Mo. 1; Sir Robert Wayland's Case, 3 Salk. 234.   (3)   The offer made by respondent was insufficient.   Wigmore, Evidence, secs. 1078, 2550; 9 Ency. Evid., 165, 171; Craighead v. Wells, 21 Mo. 404; Pier v. Heinrichoffen, 52 Mo. 333; City of Hannibal v. Richards, 35 Mo. App. 1; Clicquot Champagne, 3 Wall. 114; State v. Monich, 64 Atl. 1016; Commonwealth v. Robinson, 146 Mass. 571, 16 N. E. 452; Hoch v. People, 216 Ill. 265, 76 N. E. 356; Parish v. State, 139 Ala. 216, 36 So. 1012.   (4) The order sustaining the motion for a new trial cannot be upheld on any other ground than that given by the court.   Frye v. Railroad, 200 Mo. 377; Loftus v. Railroad, 119 S. W. 942.

*Reinhardt & Schibsby* for respondent.

(1)   Admissions made by the agent while acting within the real or apparent scope of his duties are the admissions of the principal.   Meacham on Agency,

sec. 714; Wigmore on Evidence, sec. 1078; Northrup v. Ins. Co., 47 Mo. 435; Adams v. Railroad, 74 Mo. 556, 85 Mo. App. 389; Pitts v. Steel Co., 75 Mo. App. 221. (2) Such admissions are none the less those of the principal though they are a part of confidential reports made by the agent to his principal or superior corporate officer. Railroad v. Putnam, 118 U. S. 545; O'Hare v. Railroad, 95 Mo. 662; Rogers v. Bridge Co., 11 App. Div. 141-159 N. Y. 556; LaAbra Silver Co. v. U. S., 175 U. S. 223; Carlton v. Railroad, 81 Ga. 531. (3) An admission by an agent, if otherwise competent evidence against the principal, is not rendered incompetent by reason of the fact that the admission involves a conclusion of fact on part of the agent. Pitts v. Steel Co., 75 Mo. App. 232; Cunningham v. Railroad, 79 Mo. App. 524; Railroad v. Edmonson, 110 N. W. Rep. 650; Young v. Railroad, 75 S. C. 190; Railroad v. Transtine & Co., 64 Miss. 834; Lane v. Railroad, 112 Mass. 455; Railroad v. Russell, 88 S. W. Rep. 379.

BROADDUS, P. J.—This action is for damages resulting from the destruction of plaintiff's barn by fire alleged to have been started by one of defendant's locomotives. The jury returned a verdict in favor of defendant but the court granted plaintiff a new trial on the ground that "the court erred in rejecting the offer by plaintiff to prove the report made by the conductor Gibson and the offer to prove the custom of trainmen to report fires."

. The evidence of plaintiff tends to show that his barn which was in the country and near defendant's railroad was destroyed by fire started by a spark from the engine of a passing freight train, while the evidence of defendant is opposed to the conclusion that the fire originated in that way. In support of his contention, plaintiff offered evidence to show that it was the custom of trainmen "to report mishaps and fires

set out by their trains to the nearest operator or station agent" and that pursuant to such custom the conductor of the train notified the agent at the next station: "Better send your section gang up the road, I think we set something on fire there; better send them as far as the bridge for it may be that." The ruling of the court in sustaining defendant's objection to the admission of such evidence afforded the ground on which, afterward, the court sustained plaintiff's motion for a new trial.

The sole question before us is whether or not the report of the conductor made to defendant's station agent fifteen minutes after the train passed the place of the fire is competent evidence in chief on the issue of the origin of the fire. Defendant argues that the report is hearsay; plaintiff, that it falls within an exception to the hearsay rule. Should we regard this report as a mere narrative of a past event made by an agent (the conductor) to his principal (the defendant), we would agree with counsel for defendant that it is pure hearsay and, therefore, not admissible in evidence. In such case, it could not be considered as a part of the *res gestae* nor as an admission against interest.

It could not be of the *res gestae* because it was not a spontaneous utterance made at the time of the happening of the event, but was a mere historical recital made after an opportunity for reflection had been afforded the narrator. [Wigmore on Evidence, secs. 1747, 1749, 1750; Ruschenberg v. Railroad, 161 Mo. 70; Koenig v. Railroad, 173 Mo. 698; Redmon v. Railroad, 185 Mo. 1; Frye v. Railroad, 200 Mo. 377.] It could not be considered as an admission of the defendant since "the admission or declaration of his agent binds the principal only when it is made during the continuance of the agency in regard to the transaction then depending." [Redmon v. Railroad, supra.] And the mere recital by an agent to his principal of "a mis-

chief that is past and gone'' has no evidentiary value in an issue between the principal and a third person. As to an issue of that character it is hearsay.

But the vital fault of defendant's position lies in the fact that the report in question cannot be regarded as an historical narrative but if the facts sought to be proved by plaintiff be true, must be held an act of the conductor performed in the line of duty in a transaction then depending. Defendant owed plaintiff the duty not to set out a fire that would burn his barn and if sparks from its locomotive started a fire which, if unchecked, would consume the barn, it was the duty of defendant to exert itself to prevent such injury. The conductor, in reporting the fire and in advising the station agent to send section men to fight it, was acting in the performance of a duty defendant owed plaintiff, and his report is evidence in the nature of an admission that the locomotive had started the fire. While the facts of the present case differ in some respects from those before the Supreme Court in Phillips v. Railroad, 211 Mo. 419, we think the rule of that case applies to this.

The court erred in excluding the evidence and was right in granting a new trial. The judgment is affirmed. All concur.

## ON REHEARING.

The rehearing was granted in this case upon the theory that our former opinion was in conflict with Kenney v. Railroad Company, 70 Mo. 252. Upon further consideration we have come to the conclusion that there is no such conflict. In the Kenney case, it is held that, ''it was not in the line of the employment of defendant's servants and no more their duty to extinguish the fire on defendant's right of way set out by sparks from one of its engines than that of any other person who saw it.''

While the writer before whom the case was tried held differently and has not changed his opinion, the difference of opinion is no longer a matter of any consequence, as the holding can have no application to this or any other case that may arise involving the same question.

When that case was determined our present statute making railroad companies liable for the destruction of property of adjacent owners by fire set out by sparks from the engines or otherwise, was not enacted. The court bases its conclusion on the ground that notwithstanding the defendants may have set out the fire by sparks emitted from one of its engines, yet as the company had provided its engine with the best spark arresters in use, it was not guilty of negligence in setting out the fire, therefore, it owed no duty to anyone to extinguish it.

Under our statute, however, the defendant was liable if the fire was ignited by sparks emitted from one of its engines notwithstanding any precaution it may have exercised to prevent such an occurrence, therefore, it was the duty of its agents and servants at all times to prevent the spread of fires so set out. And it was a duty which it owed to plaintiff, and to all the owners of property adjacent to its right of way in order that the loss might be minimized as much as possible. And there is no doubt but what the defendant company in order to protect itself as much as possible from the payment of damages occasioned by fires set out by its engines made it the duty of its trainmen to report fires set out by its trains to the nearest operator or station agent. And it was such a custom as any ordinary prudent company would adopt under similar circumstances.

What has been said in our former opinion we reassert with renewed confidence, that it contains the law of the case.

Affirmed. All concur.