GEORGE MINEA, Respondent, v. ST. LOUIS COOPERAGE COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted December 4, 1913. Opinion Filed December 31, 1913.

1. **NEGLIGENCE: Evidence: Proof of Subsequent Repairs.** In an action by an employee for personal injuries sustained from an unguarded machine at which he was working, it was reversible error for the court to admit evidence that the machine was guarded after the accident, offered for the purpose of showing that it could have been guarded, without calling the attention of the jury at the time to the fact that it was admitted for such specific purpose only.

2. **APPELLATE PRACTICE: Review of Admission of Evidence: Limiting Instruction.** The general rule that it is the duty of counsel to ask an instruction limiting testimony to a particular purpose is not applicable where, in an action by an employee for injuries sustained from an unguarded machine, evidence that the machine was guarded after the accident, offered for the purpose of showing that it could have been guarded, was

179 App. 45

erroneously admitted by the court without calling the attention of the jury at the time to the fact that it was admitted for such specific purpose only.

3. **APPELLATE PRACTICE: Trial Practice: Review of Admission of Evidence: Prerequisites.** In order to secure a review of the admission of evidence volunteered by a witness, it is essential that a motion be made at the trial to strike it out.

4. **CORPORATIONS: Evidence: Admissions of Officers.** The general rule is, that declarations by officers of corporations are admissible against it only when made while acting within the scope of their authority and as a part of the *res gestae* of the particular transaction.

5. **———: ———: Proof of Official Character.** The agency or official character of an officer of a corporation must be proved by evidence other than his own declarations, in order to make his declarations in the course of his employment admissible against the corporation.

6. **EVIDENCE: Hearsay.** The rule excluding hearsay evidence is mainly based on the fact that there is no opportunity for cross-examining the declarant.

7. **———: Evidence Given in Another Case.** In an action by an infant employee's father for loss of the infant's services from personal injuries sustained while employed by defendant corporation, the evidence of an officer of defendant, given at the trial of an action by the infant, by his father as next friend, against defendant for such injuries, was admissible, if properly proved; the question of liability in both cases turning on the same facts and questions of law and the parties being substantially the same.

8. **———: Evidence Preserved in Bill of Exceptions.** Where one offers to prove testimony given in another case by means of a bill of exceptions, he must read all of it.

9. **RES ADJUDICATA: Conclusiveness of Judgment Rendered in Another Case: Parties.** The fact that a minor employee, in an action against his employer for personal injuries, recovered damages for expenses incurred by him, because of the injuries, would not prevent his father, in another action for loss of services, medical expenses, etc., from recovering expenses incurred by him as a result of such injuries to his son, even though the latter recovered greater damages for such items than he should.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

REVERSED AND REMANDED.

*Charles E. Morrow* for appellant.

(1)  The court committed reversible error in per-
mitting the plaintiff to show that the machine in ques-
tion was guarded after the accident.   Miniea v. St.
Louis Cooperage Co., 157 S. W. 1006; Bailey v. Kan-
sas City, 189 Mo. 510; Schermer v. McMahon, 108 Mo.
App. 836; Railroad v. Hawthorne, 144 U. S. 202.   (2)
The former suit of the son brought by the plaintiff,
the father, as next friend, in which he sued for medi-
cine, medical attention and nursing, is *res adjudicata*
on plaintiff.   The father having brought suit as next
friend for his son for these items is estopped to after-
wards sue for the same.   Neumeister v. Dubuque, 47
La. 465; 23 Cyc., 1112; Rodney v. Gibbs, 184 Mo. 9.
The fact that the former suit was pending on appeal
where a *supersedeas* bond had been given at the time
of the trial of this cause was no defense to this plea
of *res adjudicata.*   Rodney v. Gibbs, 184 Mo. 14.   To
say the least this former cause was pending and the
plaintiff could not maintain this action while it was
pending.   Rodney v. Gibbs, 184 Mo. 10.   (3) The court
erred in allowing the plaintiff to prove by witness Syl-
vester Miniea that Mr. Meyer, president of defendant
company, testified on trial of the case of Miniea, by
Etc., v. St. Louis Cooperage Company, that the ma-
chine in question could be guarded.   It was hearsay,
and did not bind the defendant.   McDermott v. Rad-
wood, 87 Mo. 285; Phillips v. Radwood, 211 Mo. 438.
The president of the company was but the agent of
the company, and what he says against the company is
hearsay, unless a part of the *res gestae,* or made in the
line of duty.   McDermott v. Radwood, 87 Mo. 301;
Phillips v. Radwood, 211 Mo. 438.   If this evidence was
competent the bill of exceptions, containing what Mr.
Meyer did testify and all he said, was the best evidence,

and the court erred in permitting the plaintiff to prove by the witness Sylvester Miniea that he admitted the machine could be guarded. When the court ruled that the plaintiff had to introduce the whole of the written evidence or none the plaintiff refused to read it. This was in error.

*Christian F. Schneider* for respondent.

(1) Evidence of guarding of machine after accident was admissible in this case for the purpose of proving the allegation in the petition that it was possible to guard this machine. Brennan v. City of St. Louis, 92 Mo. 462; Bailey v. Kansas City, 189 Mo. 500; Rusher v. City of Aurora, 71 Mo. App. 424; Woods v. M., K. & T. Ry. Co., 51 Mo. App. 503; Walker v. Point Pleasant, 49 Mo. App. 248. (2) The plea of *res adjudicata* is not well taken in this case. Young v. Thrasher, 61 Mo. App. 414; Ketchum v. Thatcher, 12 Mo. App. 185; Zonker v. Mercantile Co., 110 Mo. App. 382; Ramming v. Railroad, 157 Mo. 477. (3) The statements made by Mr. Meyer under oath as a witness in the first suit, in which this defendant was likewise defendant, were competent and admissible. He was the president and manager and therefore representative of the defendant. Padley v. Catterlin, 64 Mo. App. 629; Byrd v. Hartman, 70 Mo. App. 57.

REYNOLDS, P. J.—Action by the father for expenses incurred by him in having his minor son treated at a hospital, for medical and surgical expenses, loss of the services of the son in consequence of his being disabled from injuries received while in the employ of defendant, and which injuries, it is alleged, will render the earning capacity of the son less during the whole period of his minority, and for other expenses incurred in consequence of the injuries to his son, a lad under 16 years of age. Damages are laid at $500, for

which judgment was demanded. From a judgment in favor of plaintiff, defendant appealed to the circuit court. The defendant filed no written pleading either before the justice or in the circuit court, but orally denied the averments of the statement filed, and claimed that plaintiff had been guilty of contributory negligence, and that the matter of expenses incurred by the plaintiff and his right to recover for them, had been adjudicated in the case hereafter referred to. Plaintiff recovered a judgment in the circuit court in the sum of $465, the trial being to a jury, from which, interposing a motion for new trial as well as one in arrest of judgment, and excepting to the action of the court in overruling these motions, defendant has duly perfected its appeal to this court.

The case above referred to is that of Anton S. Minea, a minor, by George Minea, his next friend, against this same defendant, 175 Mo. App. 91, 157 S. W. 1006. This is the same accident that was then before our court, the son there suing by his father as next friend. The averments of the petition are substantially as in the statement here filed and save as to the measure of damages there claimed as sustained by the son himself, here by the father for his expenditures and loss of services of the son, they are practically alike. We refer to the report of that case for a full statement of the facts connected with the accident, as also for the law applicable to those facts, deeming it unnecessary to repeat either here. It is proper to state that the case now before us was tried in the circuit court pending the appeal of the former case and before its determination by our court.

We are compelled to reverse the judgment in this present case for errors committed by the trial court "against appellant . . . materially affecting the merits of the action" (R. S. 1909, sec. 2082), the errors consisting in the admission of testimony.

It appears that plaintiff is blind. In company with his son, he went to the works of defendant, and one of the officers in charge accompanied him and his son to the place where the machine at which the accident had occurred was located. Plaintiff was asked if he had examined that machine. He said that he had felt over the machine. His counsel repeating the question, "You said you felt of that machine?" was interrupted by counsel for defendant with the objection that there was no evidence that the machine was in the same condition then or was the same machine then that it was at the time of the injury; that this plaintiff cannot tell what he saw or felt; that this is an attempt on the part of counsel for plaintiff to get something indirectly into evidence that is incompetent. To this counsel for plaintiff answered, that defendant had pleaded the general issue, had denied all allegations of the petition; that one of the allegations of the petition and a material one is that the machine could be guarded, and that he expected to show as a matter of fact that it was guarded. Whereupon counsel for defendant excepted to this statement and asked that the jury be discharged. The court declined to accede to this, defendant excepting. Whereupon counsel for plaintiff stated that one of the questions under the statute is whether the machine could be guarded, and if it could be guarded it would be the duty of defendant to guard it; that he took it that if it was guarded, there could not be any better proof of that fact. Counsel for defendant objected to this argument and statement, whereupon the court said: "If it is permissible to prove this machine was subsequently guarded it is not upon the theory that the subsequent conduct of the defendant shows he was guilty of negligence by not having done it before. If it is competent at all it is for the purpose of showing as a matter of fact it was possible to guard the machine. That is all." After some remarks exchanged between court and coun-

sel, the court asked counsel for plaintiff what he wanted to prove by this witness. Counsel stated that he wanted to prove by this witness that that machine could be guarded for the reasons already stated. The court: "You may prove by him that he went there and examined it and found it was guarded." Mr. Morrow (for defendant): "After the accident?" Mr. Schneider (for plaintiff): "Yes, I will admit it was after." Whereupon the court overruled the objection to the admission of the testimony, counsel for defendant excepting, and the witness answered that he found the machine guarded at the time he visited it and he described how it was guarded.

It will be noticed that before admitting this testimony the learned trial judge, in passing upon an objection made when it was first offered, did say that if the testimony was competent at all, it was for the purpose of showing as a matter of fact that it was possible to guard the machinery. But he did not direct the jury to that effect. After this remark had been made considerable discussion followed between court and counsel, so that when it was finally admitted there was no ruling made by which the attention of the jury was called to the fact that it was admitted subject to any limitation. Hence while it is the general rule that it is the duty of counsel to ask an instruction limiting testimony admitted to a particular purpose, and that failure to do so is mere nondirection, we do not think that rule is applicable here. When finally admitted, the testimony was admitted without qualification. We are therefore compelled to hold that admitting it in the manner in which it was admitted, and without the court at the time calling the attention of the jury to the fact that it was admitted for a specific purpose only, is reversible error.

In the first Minea case, referring to the one heretofore before our court, very much the same line of testimony was offered, and objection made to it. The ob-

jection was sustained. But counsel for appellant in that case contended that notwithstanding this, counsel for respondent had injected remarks that had poisoned the minds of the jury, and had really obtained the benefit of the testimony, although excluded. Passing on this, our court, somewhat incidentally it may be, held that the objection was properly sustained in that case, our court, speaking through Judge ALLEN, saying (1. c. 109): "That such testimony was incompetent there can be no doubt; and we need not repeat the sound reason therefor, which has been so frequently stated. No effort should have been made to place the matter before the jury at all. It was, of course, perfectly proper to show that the machine could be guarded; but that could be shown, and was fully established, by other testimony." Even if this holding was not necessary to the decision of that case, beyond all doubt it was a correct statement of the law as to the non-admissibility of like testimony.

In Jones on Evidence (2 Ed.), sec. 288, it is said that by the great weight of authority, it is held that in actions based on negligence, evidence that the defendant has repaired the alleged defect or adopted some new precaution since the accident, is incompetent.

In 1 Wigmore on Evidence (Ed. 1904), sec. 283, the rule is laid down still more emphatically, that author saying (1. c. page 363): "To improve the condition of the injury-causing object is therefore to indicate a belief merely that it has been capable of causing such an injury, but indicates nothing more, and is equally consistent with a belief in injury by mere accident, or by contributory negligence, as well as by the owner's negligence. . . . On this ground, then, namely, that the supposed inference from the act of improvement is not the plain and most probable one, such acts may be excluded."

In Morse v. Minneapolis & St. Louis Ry. Co., 30 Minn. 465, 1. c. 468, cited and quoted from at some

length by Mr. Jones, supra, in support of the rule he lays down, it is said: "A person may have exercised all the care which the law required, and yet, in the light of his new experience, after an unexpected accident has occurred, and as a measure of extreme caution, he may adopt additional safe-guards. The more careful a person is, the more regard he has for the lives of others, the more likely he would be to do so, and it would seem unjust that he could not do so without being liable to have such acts construed as an admission of prior negligence." So the English Court of Exchequer has held in Hart v. The Lancashire and Yorkshire Ry. Co., 21 L. T. (N. S.) 261, l. c. 263.

This same rule has been recognized in our courts in several cases. Thus in Ely v. St. Louis, K. C. & N. Ry. Co., 77 Mo. 34, the judgment of the circuit court was reversed solely on the ground that the court had refused an instruction to the effect that it was the duty of the railway company, after the occurrence of a rainstorm which had occasioned a disaster to its embankment to so change or alter its embankment as to provide against a recurrence of similar storms, and that if it appears from the testimony that defendant caused the embankment to be altered or changed for such purpose, such testimony should not be taken into consideration in this case by the jury in determining whether the embankment was properly constructed and sufficient to withstand and turn back, and had withstood and turned back, all floods that had occurred since the construction of the road, or that might reasonably, within the experience of those living in that locality, be expected to occur.

In Hipsley v. Kansas City, St. J. & C. B. Ry. Co., 88 Mo. 348, citing Ely v. Railway Co., supra; it was held that evidence that the defendant, several months after the accident, repaired its road in various places, by putting in new rails and ties, was inadmissible. [See, also, Brennan v. City of St. Louis, 92 Mo. 482, l.

c. 488, 2 S. W. 481; Alcorn v. Chicago & A. R. R. Co., 108 Mo. 81, l. c. 90, 91, 18 S. W. 188.]

In Bailey v. Kansas City, 189 Mo. 503, 87 S. W. 1182, where evidence was admitted of repairs having been made after the occurrence of the accident, as for instance, the repair of sidewalks of a city, it is held that such evidence is admissible only for the purpose of showing that the street was subject to the jurisdiction of the city and was recognized as a public street, if that was an issue in the case. In discussing the admission of like evidence, Judge LAMM, referring to Columbia, etc., R. R. Co. v. Hawthorne, 144 U. S. 202, among other cases, quotes with approval the rule, accepted in that case at page 207, as settled upon much consideration, that the evidence of repairs made after the accident, is incompetent as showing liability for the accident, because the taking of such precautions against the future is not to be construed as an admission of responsibility for the past, and not only has no legitimate tendency to prove that defendant had been negligent before the accident happened, but is calculated to distract the minds of the jury from the real issue and to create a prejudice against defendant. [See, also, Clonts v. Laclede Gas Light Co., 160 Mo. App. 456, l. c. 476, 140 S. W. 970.]

On these authorities we hold that the admission of this testimony, even in the manner in which it was admitted, is reversible error.

Like testimony was allowed to be given by the son, who, in answer to a question by counsel for plaintiff as to whether there was anything in the operation of the machine that would be interfered with by putting up a board in front of it, answered, "No, sir, it wouldn't, because it has a board up there now, and it don't harm the machine in running." As no motion was made to strike this out, we cannot notice it as reversible error. We note it as tending to show the harmful character of that which was admitted.

While this son was being examined as a witness, counsel for plaintiff asked him if he had heard Mr. Meyer, "the president" of the company defendant, testify in the former case, that the machine could have been guarded. Objection was duly made that this was hearsay. The objection was overruled and exception saved. The witness answered, "Yes, sir, I did; he said the machine could be guarded." Counsel for defendant moved to strike this out, as even if he had said that, "it would not change the law, and it invades the province of the jury." This was overruled. Over the objection of defendant this witness was also allowed to testify that he had heard Mr. Meyer testify in that other case, that he was president of the defendant company. The learned trial court, in overruling these objections, stated that these were admissions by one of the officers of the defendant company.

The general rule is that declarations by officers of corporations, to be binding on the corporation, are admissible only when made while acting within the scope of their authority, and as a part of the *res gestae* pertaining to the instant transaction. [Jones on Evidence (2 Ed.), sec. 268; McDermott v. Hannibal & St. J. R. Co., 87 Mo. 285, l. c. 299 et seq.] While by way of what may be called an exception to this rule, it has also been held that declarations of an officer against the company are admissible, when it appears that the officer is one to whom is committed the management of the whole business, or a particular line of that business, that in such case it is not necessary to the admission of such declarations that they should either have been part of the *res gestae* or should have been specially authorized (Phillips v. St. Louis & S. F. R. Co., 211 Mo. 419, l. c. 441, 111 S. W. 109), there is no relaxation of the rule that it is essential that the agency, the official character of the party, must be proved by testimony other than his own declarations. [Jones on Evidence (2 Ed.), sec. 255; Waters-Pierce Oil Co. v.

Jackson Junior Zinc Co., 98 Mo. App. 324, l. c. 329, 73 S. W. 272; Griswold v. Haas, 145 Mo. App. 578, l. c. 584, 122 S. W. 781.] The only testimony that the person referred to was president was that of the witness here, who testified that he had heard him say so. That did not prove the official position.

We are not holding that the testimony of the general officer, the president, given in the other case, if it is properly proved that he is such, is not admissible, because hearsay testimony. The rule which excludes hearsay testimony rests mainly on the ground that there had been no opportunity to cross-examine the declarant. [Jones on Evidence (2 Ed.), sec. 336.]

The admission sought to be here used is alleged to have been made when the declarant was being examined as a witness in court in the trial of the case of Anton Sylvester Minea against this defendant. While in that case the son sued through his father as next friend for injuries sustained by the son, here the father sues, not in a representative capacity, as there, but in his own right, for loss sustained by him as father in consequence of the injury to his son. The question of liability of the defendant in either case, turned on the same law and facts, the only difference being the measure of damage. We think that under this condition the testimony given in the one may be given in evidence in the other. The parties are substantially the same. [Jones on Evidence (2 Ed.), sec. 338; Ritchie v. Lyne, 1 Call (Va.) 489; Atlanta & West Point R. Co. v. Venable, 67 Ga. 697; Indianapolis & St. Louis R. Co. v. Stout, 53 Ind. 143, l. c. 158.] Save as to the measure of damages, the issue is practically the same, namely, was this defendant liable for the injuries sustained by the son of the plaintiff here. In this situation, we hold that the testimony in the first action can be used in evidence here, if properly proved. [1 Greenleaf on Evidence (16 Ed.), secs. 163, 163a, pp. 276-8.] As the court correctly ruled, if plaintiff offers to prove that

by the testimony as in the bill of exceptions filed, he must read all of it.

Criticism is made of the concluding paragraph of the second instruction given at the instance of plaintiff, and which we quote and italicize, in that it instructs the jury that the burthen is upon defendant to prove by the preponderance of the testimony that plaintiff was negligent at that time, *"and that that negligence caused or contributed to cause said injuries in order to defeat the claim of plaintiff herein."* It is argued by counsel for appellant that there were many other ways than that here stated by which defendant could have defeated the claim of plaintiff; that could have resulted either by showing that it was not negligent, or by plaintiff failing to prove negligence on the part of defendant. On a new trial this objection can be obviated.

Complaint is made of the action of the court in refusing an instruction that plaintiff cannot recover in this action on account of expenses incurred for medicines, medical attendance and nursing. It is claimed that under the plea of *res judicata* and the evidence introduced of what was tried and determined in the former case, in which damages were sought on the part of the son, suing through his father as next friend, these same expenses had been involved. We do not think that that appears and find no error in the refusal of this instruction. It does not follow that because the son obtained damages for expenses incurred by him, that the father is not entitled to recover for his own expenses incurred. Even if the son recovered for more than he should, the father is not debarred.

We find no reversible errors other than those pointed out.

For those errors, the judgment of the circuit court in this case must be reversed and the cause remanded. It is so ordered. *Nortoni* and *Allen, JJ.,* concur.