MRS. ROBERT DOWNING, RESPONDENT, v. ST. LOUIS-SAN FRANCISCO RAILWAY CO., A CORPORATION, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed July 17, 1926.

**1.—Evidence—Res Gestae—Statement Held Inadmissible as Res Gestae.** In automobilist's action against railroad for injuries received at crossing, conductor's statement to plaintiff when he came back to where she was after train stopped that "we was just wondering what you was going to do" held made too long after accident to be admitted as part of res gestae.

**2.—Trial—Evidence Admitted for Limited Purpose—Duty of Court.** Where evidence is admissible for a limited and particular purpose and inadmissible on the issues generally, it is the duty of the court to inform the jury of the purpose for which it is admitted.

**3.—Evidence—Statement Held Admissible on General Issue.** Conductor's statement when he reached injured automobilist after train struck car that "we was just wondering what you was going to do" held admissible on general issue, in personal injury action against railroad, where conductor's duty at such time was to get name of injured party and facts connected with accident and report to office of superintendent, such statement having been made in the performance of his duty of collecting facts on which to base his report.

---

*Corpus Juris-Cyc. References: Evidence, 22CJ, p. 390, n. 89; p. 454, n. 72; Trial, 38Cyc, p. 1757, n. 94, 95.

Appeal from the Circuit Court of Butler County.—Hon. Chas. L. Ferguson, Judge.

AFFIRMED.

*E. T. Miller* and *Ward & Reeves* for appellant.

(1)   The court erred in admitting incompetent, immaterial and irrelevant testimony on behalf of the plaintiff, over the objections and exceptions of the defendant at the time.   (a) The plaintiff was permitted to state what the train conductor Ham, said to her after the collision and after Ham had alighted from the train and came back to the place of collision.   She testified that Ham said to her: "We was just wondering what you was going to do."   This was objected to because not part of the *res gestae* and was not binding on the defendant.   The attorney for plaintiff told the court it was not offered as a part of the *res gestae,* and the court thereupon announced that the statement was not admitted on that theory, and overruled the objection.   The statement was clearly not admissible for any purpose. Redman v. Railroad, 185 Mo. 1; Ruschenberg v. Railroad, 161 Mo. 70; Jackels v. Kansas City Rys. Co., 231 S. W. (Mo. App.) 1023.   (b)   The question and answer could not be made competent under the guise of impeaching witness Ham.   Hamilton v. Kansas City Rys. Co., 239 S. W. (Mo. App.) 164.   (c)   Besides, the question and answer could not be competent to impeach conductor Ham because no foundation was laid at any time by asking Ham if he made such a statement to Mrs. Downing.   Kersten v. Hines, 283 Mo. 633; State v. Curtner, 262 Mo. 214; Bowman v. Coal & Mining Co., 168 Mo. App. 703; Swift & Co. v. C. B. Scott & Co., 181 Mo. App. 1; Ebert v. Railroad, 174 Mo. App. 45.   (d)   Our impression at the time, and is yet, that the trial court admitted the statement upon the theory that it tended to prove that conductor Ham had notice and knowledge of the peril of plaintiff, and that employees, knowing this, negligently failed to act with promptness to prevent the collision.   But such knowledge and failure, under the humanitarian doctrine, was the very essence of plaintiff's cause of action, and the identical negligence relied upon for recovery.   Such a statement is never admissible to prove defendant's negligence and is highly prejudicial.   Yarbrough v. Wisconsin Lbr. Co., 211 S. W. (Mo. App.) 713; Rooker v. Railroad, 226 S. W. (Mo. App.) 69.   (e)   If the statement or admission of conductor Ham was admitted for some particular purpose, and was competent for that purpose, then the trial court should have advised the jury at the time of the limited purpose for which the statement was admitted; and since the court failed to do so, and also failed to limit by the instructions the purpose for which the testimony was admitted, then its admission without such qualification constitutes reversible error.   McMorrow v. Dowell, 116 Mo. App. 289; Minea v. Cooperage Co., 179 Mo. App. 705; Citizens Trust Co.

v. Tindle, 194 S. W. (Mo. App.) 1066; Holt v. Williams, 240 S. W. (Mo. App.) 864; Wright v. Hines, 235 S. W. (Mo. App.) 831.

*Smith & Zimmerman* and *Elbert Ford* for respondent.

(1) The court did not err in admitting incompetent, immaterial and irrelevant testimony on behalf of the plaintiff, over the objections and exceptions of the defendant at the time. It was proper for the respondent to state what the train conductor, Ham, said to her at the time he approached her at the time of the accident, just as he had alighted from the train and spoke to her while she was on the ground. This testimony was offered by plaintiff for the purpose of showing knowledge on the part of the defendant of the position of the respondent and also was admitted by the court upon theory that the statement of the conductor was a'part of the *res gestae*. (1) Statements of the conductor in charge of the train made at the time of the accident and just as he reached the injured party, are competent to show knowledge on the part of the defendant of the perilous conditions of the plaintiff in time to have avoided striking her. Yarbrough v. Lumber Co., 211 S. W. 714; Rosenzweig v. Wells, 273 S. W. 1074. (2) Statement of the conductor in charge of train are competent as admissions on part of defendant. Phillips v. Railroad, 211 Mo. 440; Lemen v. Railroad, 151 Mo. App. 511. (3) When it appears that the person making the statement had full control and management of that part of defendant's business as the testimony showed the conductor, Ham, had at this time, then such statements are competent whether a part of the *res gestae* or not. Minea v. Cooperate Co., 179 Mo. App. 715; Phillips v. Railroad, 211 Mo. 441; Robinson v. Bush, 200 S. W. 759; Parr v. Ins. Co., 178 Mo. App. 160. (4) The statements made by A. C. Ham, conductor in charge, were contemporaneous with the act of negligence on the part of defendant and were competent· as part of the· *res gestae* and such statement was admitted by the court as a part of the *res gestae*. Rosenweig v. Wells, 273 S. W. 1074; Leahey v. Railroad, 97 Mo. 172; Pryor v. Payne, 263 S. W. 982; Shore v. Dunham, 178 S. W. 900; Giles v. Railroad, 169 Mo. App. 24; State v. Martin, 124 Mo. 525. (5) The appellant's objection as to the competency of conductor Ham's statement is too broad and not specific enough to inform the court and counsel of the nature and extent of the objection presented to be ruled upon. Ernest v. Railroad, 256 S. W. 224; Reeves v. Lutz, 179 Mo. App. 82; Griveaud v. Railroad, 33 Mo. App. 458; Latimer v. Railroad, 116 Mo. App. 70. (6) Counsel for appellant attempted to move that the statement be stricken out and the jury instructed to disregard it on the ground that it was not a part of the *res gestae*, and made the general objection that he objected to it on any theory. The objection and motion over-

looked the theory that conductor Ham's statements might be admissible for other purposes than that of *res gestae*, and that evidence which is admissible for any purpose cannot be excluded upon a general objection as to its relevancy. Anderson v. McPike, 41 Mo. App. 328; Yarbrough v. Lumber Co., 211 S. W. 714-5.

COX, P. J—Action for damages for personal injury. Plaintiff recovered and defendant appealed.

Plaintiff was driving an automobile and approached defendant's track at a crossing in or near the City of Kennett in Dunklin county. When the automobile got so near the track that the train could not pass without hitting it its engine died and the car stopped. The train was approaching the crossing at the time and struck plaintiff's automobile and threw her out and caused the injury which is made the basis of this suit. Plaintiff's evidence tended to show a cause of action under the humanitarian rule and recovery was upon that basis. We shall not detail the evidence in full and only recite as much thereof as appears to us to be necessary to pass upon the question involved here. Plaintiff testified that when she was twenty to twenty-five feet from the crossing she saw the train approaching and it was far enough away that she had plenty of time to get across in front of the train if her engine had not died. The train was backing and she saw some one on the rear platform whom she afterwards thought to be the conductor of the train. The conductor testified for defendant and stated that he was on the rear platform of the train at the time of and shortly before the accident. After the train was stopped, the conductor came back to where plaintiff was lying on the ground. She was asked if the conductor made any statement to her at that time. Over the objection of defendant she was permitted to answer and then stated that the conductor said, "We was just wondering what you was going to do. . . ." There was some other conversation at the time that is not material. The objection to the statement by the conductor that "we was just wondering what you was going to do" was upon the ground that it was hearsay and not a part of the *res gestae* and was not binding upon defendant. Counsel for plaintiff appeared to have offered it as a part of the *res gestae* and, also, as stated by one of plaintiff's counsel at the time, "We offer it for the further reason that it was made by the conductor of the train in the course of his duty as the man in charge of the train and defendant is bound by the knowledge which he had and what he said and did at the time." The court: "The objection is overruled if confined to the testimony of what he knew about her condition and what he saw." The witness then answered as above stated. On the next day when the conductor was on the witness stand as a witness for defendant he was asked on cross-examination what his

duties were at the time of an accident. This was objected to but the objection was overruled and the witness answered: "The duty of the conductor is to ascertain the names of the parties and how come them in a position to get hurt and the names of witnesses who saw it and to get information to send to the office of the superintendent and the time of day, whether it is cloudy or raining, night or day."

The only error assigned is the alleged error of the court in permitting plaintiff to testify that after the train stopped and the conductor got back to where she was he said to her "We was just wondering what you was going to do." It is contended that this statement is not a part of the *res gestae* and hence was mere hearsay and inadmissible. We agree that this statement of the conductor was made too long after the accident to be admitted as a part of the *res gestae* but it does not necessarily mean that it was not admissible for any purpose. We also agree with counsel for defendant that if it were only admissible for a limited and particular purpose and inadmissible on the issues generally, then it was the duty of the court at the time it was admitted to inform the jury of the purpose for which it was admitted and if that were not done and no instruction given to the jury on the question, it would be error. [Minea v. St. Louis Cooperage Co., 179 Mo. App. 705, 162 S. W. 741; Wright v. Hines, 235 S. W. 835.]

It is clear that this evidence was likely to influence the jury on the merits of the case. If it should have been restricted to a particular purpose that purpose would be to show knowledge on the part of the conductor of the perilous position of plaintiff and we think it was clearly admissible for that purpose, at least, and if its effect is to be confined to that purpose alone, then it was error to not so inform the jury, but we are of the opinion that under the evidence in this case it was admissible on the general issue and its effect should not have been limited to the one specific thing. The conductor testified that when an injury occurred it was his duty to get the name of the party injured and the facts connected with the accident, how it occurred and the names of witnesses who saw it and report to the office of the superintendent. If we assume that the conductor did his duty immediately after the accident, then we must conclude that he was engaged in the performance of his duty to ascertain the facts about how the accident occurred when he made the statement attributed to him, and since this statement, if made, was an utterance of his own knowledge as to one fact connected with the accident and having been made in relation to the very thing he was investigating at the time it was competent on the general issue and it was not necessary to inform or instruct the jury to only consider it for a specific purpose. [Phillips v. St. Louis & S. F. R. R. Co., 211 Mo. 419, 111 S. W. 109; Lemen v. Kansas City

S. R. Co., 151 Mo. App. 511, 132 S. W. 13; State ex rel. v. Trimble, 276 S. W. 1020; O'Donnell v. K. C. Life Ins. Co., 277 S. W. 973.]

If this conductor, after having concluded his inquiry as to the facts connected with the accident had made a report to the superintendent, as he testified it was his duty to do, and this same statement had been found in that report and plaintiff had offered that report in evidence it would clearly have been admissible under the authority of the Phillips case, supra. That report would have been only the statement of the conductor made while engaged in the performance of a specific duty and we see no difference between a statement in a report made to a superior and a statement made at the time by him while in the performance of his duty collecting the facts on which to base his report. Judgment will be affirmed. *Bradley, J.*, and *Bailey, J.;* concur.