**FIRST NAT. BANK OF CENTER et al. v. BOLTON.  (No. 1428.)**

(Court of Civil Appeals of Texas.  Beaumont. Nov. 20, 1926.)

**Appeal and error ⬅➡759—Court cannot consider appeal brief, in suit on claim, in which no errors are assigned.**

Since appeal brief, in suit on claim, failed to set out any assignments of error or to contain any points relied on for reversal, court could not consider appeal brief, even though appellants, when filing motion for new trial, did assign error; assignments not being brought forward.

Appeal from Shelby County Court; F. C. Powell, Judge.

Suit by E. A. Bolton against the First National Bank of Center and others. From a judgment for complainant, defendants appeal. Affirmed.

J. P. Anderson, of Center, for appellants.
Sanders & Sanders, of Center, for appellee.

O'QUINN, J. The following statement of the nature and result of this suit is taken from appellee's brief:

"Prior to November 26, 1924, the First National Bank of Center was a going concern, on November 26, 1924, its doors were closed by legal authority and on December 3, 1924, F. Wm. Lensing was legally appointed receiver of said bank.

"On November 15, 1924, E. A. Bolton, appellee here, was the owner of vendor's lien notes against C. P. Smith, Jr., of Hillsboro, Hill county, Tex. Said C. P. Smith, Jr., was unable to pay said notes when the said E. A. Bolton drew his draft on Mr. C. P Smith, of Center, Tex., in the sum of $417.05, placing said draft with the Farmers' National Bank of Hillsboro, Tex., with said vendor's lien notes attached to said draft, which draft with said notes were then forwarded by Farmers' National Bank of Hillsboro, Tex., through its regular correspondence, to First National Bank of Center, Tex., for collection, and remittance in the usual course of business. Mrs. C. P. Smith, Sr., gave her check to the First National Bank of Center, Tex., for the amount of said draft on November 24, 1924, which check of Mrs. C. P. Smith, Sr., was marked 'paid' by the First National Bank of Center, Tex., and said draft and vendor's lien notes delivered to her by said First National Bank of Center, Tex. With said draft and notes was an assignment from E. A. Bolton of said notes and lien to Mrs. C. P. Smith, Sr., which assignment was also delivered to Mrs. Smith.

"The First National Bank of Center, Texas, then issued its piece of exchange and forwarded same to Farmers' National Bank of Hillsboro, Tex., which piece of exchange was drawn on Union National Bank of Houston, Tex., and forwarded to Union National Bank by Farmers' National Bank of Hillsboro, Tex., when payment was refused on said piece of exchange returned to Farmers' National Bank of Hillsboro, Tex., and delivered by it to E. A. Bolton, and E. A. Bolton brought suit against the First National Bank of Center, Tex., and said receiver, to establish his claim against said bank, as a preferred claim.

"At the time the check of said Mrs. C. P. Smith, Sr., was paid, she gave her check on her account in said bank, where she had on deposit more money than was sufficient to pay said draft and the First National Bank of Center, Tex., at the time Mrs. C. P. Smith, Sr., gave said check had funds in said bank sufficient to have paid said check in cash, and at the time of the trial had in cash a sufficient amount to have paid said draft, but not sufficient amount in cash and other assets to pay all creditors in full. (Conclusions of facts filed by the trial court.)"

The case was tried before the court without a jury, and judgment rendered for appellee for the amount of his claim and established same as a prior claim against the assets of said bank.

Appellee's objection to our considering

appellants' brief will have to be sustained, because there are no assignments of error nor propositions or points relied on for reversal in the brief. Appellants did file a motion for new trial in the trial court, but their assignments in the motion are not brought forward in the brief.

Appellants suggest fundamental error, but we fail to find any such error in the record. The court had jurisdiction of the parties and subject-matter, the issues were raised by the pleadings, and the judgment is such as the court could render, and is supported by the record and the authorities. Bank v. Union Trust Company (Tex. Civ. App.) 155 S. W. 989; Federal Reserve Bank v. Millspaugh (Mo. Sup.) 282 S. W. 706.

The judgment is affirmed.