AUDREY R. MELVIN, RESPONDENT, v. HENRY CATER, DOING BUSINESS AS THE CATER CONSTRUCTION COMPANY, APPELLANT.*

Kansas City Court of Appeals. November 7, 1927.

*Corpus Juris-Cyc References: Liability Insurance, 36CJ, section 128, p. 1128, n. 76; Pleading, 31Cyc, p. 769, n. 50; Trial, 38Cyc, p. 1340, n. 98.

*Mytton & Parkinson* for respondent.

*William E. Stringfellow* for appellant.

WILLIAMS, C.—This is an action for personal injury. Plaintiff claims, and the jury found, that while stepping from an automobile in the city of St. Joseph, Missouri, plaintiff was injured. A contractor was engaged in erecting new standards for street lights. The city of St. Joseph had made a contract with the St. Joseph Railway, Light, Heat & Power Company to take down electric standards in the retail district and replace them. The St. Joseph Railway, Light, Heat & Power Company sublet this contract to Harry Cater. The plaintiff sued the city, the St. Joseph Railway, Light, Heat & Power Company and Harry Cater, who was doing business under the name of Cater Construction Company.

In doing this work the contractor had wires laid in conduits. Bolts were set in the sidewalk to hold the new standards. One of the old standards was located on Felix street, about twenty-one feet east of the alley, and the bolts and conduits and pipe for the new standard had been in place for about ten days.

On the 15th day of July, 1926, plaintiff alighted from a Dodge sedan and attempted to go into a store on the north side of Felix street. As plaintiff was leaving the car a team and wagon came out of the alley from the north. The team was somewhat excited and turned toward the car. Plaintiff's attention was attracted by the team and as she stepped to the sidewalk, her foot becoming entangled in the bolts and wires, and she was thrown against the car. Plaintiff's foot and ankle was injured.

As before stated, the St. Joseph Railway, Light, Heat & Power Company was a defendant. This company filed a separate answer, a part of which was the contract between Harry Cater and the defendant, St. Joseph Railway, Light, Heat & Power Company. After reciting that Harry Cater was an independent contractor, operating under a written contract, which contract the answer recites, "was in writing, is attached hereto and marked Exhibit 'A' and made a part hereof as fully as if set out herein at length."

During the progress of the case the plaintiff offered, first the ordinance under which the St. Joseph, Light, Heat & Power Company undertook to do the work, and then the following occurred:

"Mr. Parkinson: We offer in evidence plaintiff's Exhibit B, the contract referred to in the answer of defendant St. Joseph Railway, Light, Heat & Power Company.

"Mr. Stringfellow: Defendant Harry Cater objects to the introduction in evidence of this contract for the reason that it can be competent only for the purpose of proving that Cater is a subcontractor for the Street Railway Company in doing this work, which we are willing to admit. I think the Street Railway Company had admitted it, and if it is necessary, if there is any effort to hold the Street Railway Company in this case, the court can pass on the contract; it might be admissible for that purpose, but there can be no purpose in reading it to the jury. The only purpose I can see for which it is admissible is to enable the court to determine whether this contract constituted Cater a sub-contractor of the Street Railway Company and it can have no purpose before the jury.

Mr. Parkinson: We have introduced the ordinance under which the St. Joseph Railway, Light, Heat & Power Company undertook to do this work and it has set up in its answer this contract.

"The Court: I think it is competent.

"Mr. Stringfellow: I wish to make this objection specifically: The two parties, the Cater Construction Company and the Street Railway Company, are sued jointly. The Street Railway Company admits that it employed Cater to do the work; Cater admits that the Street Railway Company employed him to do the work. The details of the contract between Cater and the Street Railway Company can be competent only if the plaintiff claims that the Street Railway Company can be held in the case and should not be relieved on the ground that Cater was an independent contractor. For that purpose this paper should be considered by the court. It has no function before the jury. I call attention to the paragraph 3 of the contract, providing that Cater will hold the city of St. Joseph and the Street Railway Company free from all liability during the construction of the work.

"The evident purpose of the plaintiff in asking to read this to the jury, and what I am objecting to, is to read it in order to get the question of the insurance before the jury, and if it is read, believing, as I firmly do, it is not competent on any question the jury has to pass upon, I shall ask the court to discharge the panel on account of the poison injected by that paragraph, which does not in any way expedite the case. It is not competent or pertinent to any matter subject to the decision of the jury. We admit we are independent contractors—not attempting to hold the Street Railway Company in.

"THE COURT: The court holds that ordinarily an admission by one defendant as to the effect of a paper writing between the two defendants might be sufficient to warrant the court in ruling out the paper writing. In this case the only way the court can pass upon the question as to whether or not it holds the independent contract and what effect it has upon both, as an admission by one defendant would not bind the other nor would it release the other defendant; therefore the entire contract is necessary *so that the court can see* the extent to which it releases one or binds the other. The objection is overruled.

"MR. STRINGFELLOW: I desire now to object to its being read in evidence before the jury. The court is the one to pass upon the legal effect of the paper and it has no function before the jury.

"THE COURT: *I think if it is introduced in evidence it is a part of the evidence to go before the jury.*

"The contract was then read to the jury. Paragraph 3 reads:

"'We will carry all insurance including workman's compensation, public liability and property damage and hold the St. Joseph Railway, Light, Heat & Power Company and the city of St. Joseph from any liability during the construction of this work.'

"Defendant's counsel then requested the court to discharge the jury from any further consideration of the case, as follows:

"'MR. STRINGFELLOW: Now if the court please, in line with the objection which I stated, I desire more fully to call the attention to Your Honor to the purpose of my objection.

"I now move that this jury panel be discharged from any further consideration of the case on the ground that that contract read in evidence is not competent to any issue which will be presented to this jury. The Street Railway Company having admitted it made the contract with Cater to do the work and Cater having admitted that he made the contract to do the work, and the only question which can arise between them, as to whether that contract lets the Street Railway Company out, being a question for the court to construe, the only purpose of reading that contract to the jury was to read clause 3, which tends to make this jury believe (and which

could be the only purpose in reading it) that some insurance company, and not Harry Cater, is defending this suit, and I ask to have the panel discharged because the poison of that insinuation sinks so deep into the minds of the jury panel it is practically impossible to get rid of it and there is no way to control it by any instruction the court can give.

"THE COURT: The motion is denied for the reasons heretofore stated."

Demurrers were sustained as to the defendants, except Harry Cater. Judgment was rendered against Harry Cater for $5000, who after an unsuccessful motion for new trial, brings the case here on appeal.

It is first contended by appellant that the petition fails to state a cause of action. There was no attack made upon the petition at the trial. The question is first raised here. This method of attack is not looked upon with favor. If the petition states any cause of action, even though it is defectively stated, it is good after verdict. [Exchange Nat. Bank of Tulsa, Okla., v. Daley, 237 S. W. 846, l. c. 847; O'Connell v. Kansas City (Mo. App.), 231 S. W. 1040.]

We think with the aid of the verdict that this petition states a cause of action.

It is next contended by appellant that the reading to the jury of the clause in the contract referring to insurance, is reversible error. As it is shown by the statement, the point was properly presented to the circuit court in every way. It is argued here by appellant that certain evidence is for the court and certain evidence is for the jury, and that when evidence which is proper only for the court to consider contains matter which is prejudicial, that it should not be read to the jury.

It will be borne in mind that in the case at bar the contract was not attached to the answer of appellant.

Our courts have uniformly held that there is nothing more prejudicial than to bring before a jury the fact that insurance company is interested in the result. The Supreme Court in the late case of Chambers v. Kennedy, 274 S. W. 726, 729, in discussing this question, said:

"Trials should be conducted so as to exclude all improper influences, so that verdicts will reflect the intelligent judgment of the jury solely upon the merits; otherwise our courts will justly forfeit the confidence and respect of the people." [Burrows v. Likes, 180 Mo. App. 447, 456, 166 S. W. 643, 646; Trent v. Lechtman Printing Co., 141 Mo. App. 436, 126 S. W. 238; Gore v. Brookman, 138 Mo. App. 231, 119 S. W. 1082.]

We concede that the courts have held that if evidence is admissible for any purpose it will be admitted and controlled by instruc-

tions. [Downing v. St. Louis-San Francisco Ry. Co., 285 S. W. 791; Sotebier v. Transit Co., 203 Mo. 702.]

However, these cases do not go to the length of stating that irrelevant testimony calculated to prejudice the jury can be admitted and the hurt cured by instructions. An instruction withdrawing from the jury the question of insurance would have only emphasized the fact that the defendant was insured.

We think the following cases support this rule: Pennsylvania Co. v. Roy, 102 U. S. 451, l. c. 459; Lucas v. Brooks, 18 Wall. 436, 21 L. Ed. 779, l. c. 783; Indianapolis Journal H. Co. v. Pugh, 33 N. E. 994; Railway v. Truette, 87 So. 427, l. c. 429; Wallingford v. Railway, 107 S. W. 781, l. c. 782; Railway v. Owsley (Ky.), 231 S. W. 210, l. c. 212; Shepherd v. Lbr. Co., 81 S. W. 1064, l. c. 1065; Hutchins v. Hutchins, 98 N. Y. 56, l. c. 64; C. & O. Ry. v. Chee's Admrx. (Va.), 66 S. W. 826, l. c. 828.

No case has been cited which exactly covers the situation here presented. We have made a diligent search and have been unable to locate any decision which distinguished between evidence for the consideration of the court, and evidence upon which the court must pass as being reversible error, when offered to the jury. Nor have we found any case in which the court has failed to criticise with great earnestness the injection, or even intimation that an insurance company is interested in the case.

We think in the light of reason and justice that when a situation such as this is presented, the judge of the circuit court should examine the contract, and if only for the court and if there is prejudicial evidence, upon which the jury would not be required to pass, then the paper should be excluded from the jury, and to fail in this is reversible error. We are not now considering a case where the matter can properly be withdrawn, without prejudice, by instructions to the jury.

Judgment is reversed and the case remanded. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.