CHALMER DAVIS, RESPONDENT, v. CARL A. SWENSON, DOING BUSINESS AS AVENUE CLEANERS, APPELLANT.—46 S. W. (2d) 224.

Kansas City Court of Appeals. January 11, 1932.

744

*Randolph & Randolph* for respondent.

*Landis & Landis* for appellant.

CAMPBELL, C.—Plaintiff was riding in a motor truck owned and operated by another, and sustained personal injuries in consequence of a collision with an automobile truck operated by defendant's employee. He brought suit to recover damages for said injuries, had a verdict and judgment for the sum of $3500, and the defendant has appealed.

The petition is not assailed. Neither is it claimed that it was not proper to submit the cause to the jury. It is therefore unnecessary to state the facts which tend to show that plaintiff had a cause of action.

Plaintiff took the deposition of a witness, Marvin E. Thomas, upon interrogatories propounded by him and cross interrogatories propounded by defendant.

The direct-examination of the witness was read in evidence by plaintiff. Thereupon defendant objected to the introduction of a letter attached to the deposition, stating at the time that he did not desire to read to the jury or offer in evidence the last four questions and answers of the cross-examination of the witness. The objection was overruled, and the defendant announced that he declined "to read any cross-examination in this case." The cross-examination was then offered in evidence by plaintiff and a part of it read to the jury. While the cross-examination was being read the court announced that he would sustain the defendant's objection to said four questions and answers. Defendant, not content with that ruling, objected to the introduction of the entire cross-examination. It is not controverted that a part of the cross-examination was admissible. It fol-

lows that the objection made by defendant was too broad and that the court cannot be convicted of error in admitting the cross-examination.

The answers to the said four questions revealed the fact that the attached letter was written to the deponent by plaintiff's counsel. Plaintiff offered the letter in evidence and the same was admitted over defendant's objections. The letter told the witness that his deposition would be taken at a place named therein, and "We have made arrangements to take your deposition in a lawsuit that is now pending over this accident, wherein Mr. Davis is asking for damages because of the injuries he received in that accident. The deposition is to be taken upon interrogatories to be submitted to you by ourselves as attorneys for Mr. Davis, and cross interrogatories submitted to you by Jno. C. Landis, Jr., attorney for the insurance company that carries the insurance on the Avenue Cleaner truck."

Although the letter should not have been admitted in evidence, it might well be argued that its admission in evidence would not constitute reversible error, but for the statement therein "and cross interrogatories submitted to you by Jno. C. Landis, Jr., attorney for the insurance company that carries the insurance on the Avenue Cleaner truck."

The jury, no doubt, was thereby led to believe that an insurance company was defending the cause. The introduction of evidence, in circumstances such as is here shown, tending to produce a belief in the minds of the jury that an insurance company was interested in the result of the cause, was prejudicial error. [Melvin v. Carter, 299 S. W. 103; Miller v. Harrison Construction Company, 288 S. W. 259; Crapson v. United Chautauquas Company, 27 S. W. (2d) 722.]

The contention that the letter was admissible because defendant propounded questions and made request that it be attached to the deposition, overlooks the fact that the deposition, when filed, was common property. [Watson v. Race, 46 Mo. App. 546.]

When plaintiff offered the entire deposition in evidence he thereby made the deponent his witness, and the defendant had the legal right to make any valid objection to any question therein which he could have made had the deponent been personally present and testified, except that defendant would not be permitted to object to the form of a question propounded by him. [Magee v. Paul, 159 S. W. 325; Board of Education v. Haywood Manufacturing Company, 192 N. W. 102; Elliot v. Shultz, 29 Tenn. 234; Sibley v. Bank, 29 S. W. 470, 18 C. J. 733.]

It is claimed that plaintiff's instruction No. 2, is erroneous, in that it is ambiguous, indefinite, and misleading in the use of the word "control." The instruction told the jury that if the plaintiff

was riding in a motor vehicle truck owned and driven by another, and over which he neither assumed nor exercised any control, and over which plaintiff had no control, and that he "was injured without negligence on his part," then the negligence of the driver, if any, was not attributable to plaintiff.

It is argued that "the instruction does not submit the real issue, that is, the right to control the driver rather than the assumption or exercise of control of the mechanical apparatus." We do not think the jury was misled by the use of the term "any control . . . or had no control," when the fact is considered that the jury was required by the instruction to find that plaintiff was injured without negligence on his part.

Defendant insists that the verdict is excessive. We do not find it so.

The evidence favorable to plaintiff on that question is that he was unconscious for two or three days after the collision. "Was in bed four months. . . . Had to sit around home for about a year. . . . I lost weight, about fifteen pounds while in bed. Before this accident my health was in good condition. Had never been sick."

For the error pointed out, the judgment is reversed and the cause remanded. The commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur.